IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cr-625-ECM |
| | ) | [WO] |
| ROSHIEN KAZAIR CARLTON | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Defendant's amended unopposed motion to continue trial setting. (Doc. 42). Jury selection and trial are presently set on the term of court commencing October 5, 2026. For the reasons set forth below, the Court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the Court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," *id.* § 3161(h)(7)(A). In

determining whether to grant a continuance under § 3161(h)(7), the Court "shall consider," among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(7)(B)(i), (iv).

Counsel for the Defendant represents to the Court that she needs additional time to prepare for trial because (1) the Defendant was moved to the Lee County Detention facility, and it has been difficult to schedule meetings with him to prepare for trial; and (2) she needs additional time to prepare, including filing a pretrial motion. She requests that the trial be continued until the Court's next Northern Division trial term in February 2027. The Government does not oppose a continuance.

The Defendant was indicted on November 25, 2025, on one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Doc. 1). The Defendant was arraigned on December 9, 2025, (doc. 7), and defense counsel was appointed to represent the Defendant on or about January 6, 2026, (doc. 17). Additionally, this Court previously continued the trial twice at defense counsel's request: first from January 20, 2026, to June 22, 2026, (doc. 25), and then from June 22, 2026, to October 5, 2026, (*see* doc. 33). In both of defense counsel's earlier motions to continue, she referenced the need for additional time to file pretrial motions. (Docs. 22, 31). The record before the Court does not sufficiently establish that an additional continuance of four months is necessary to provide defense counsel "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *See* 18 U.S.C. § 3161(h)(7)(B)(iv). However, based on counsel's

representations in the current motion (doc. 42), the Court in its discretion will continue the trial by approximately six weeks.

After careful consideration, and for the reasons stated above, the Court finds that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and the Defendant in a speedy trial. Accordingly, it is

ORDERED that the motion to continue (doc. 42) is GRANTED to the extent that jury selection and trial are CONTINUED from October 5, 2026, and SPECIALLY SET on **November 16, 2026 at 10:00 a.m.** in **Montgomery**, Alabama. All deadlines tied to the trial date are adjusted accordingly.

DONE this 18th day of September, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE